UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JAMES MCKINNON

    v.

JANE CUDA
JANE DOBSON
HELEN DORSEY

PRISONER
Case No. 3:03CV72(WWE)

MEMORANDUM OF DECISION

The plaintiff, James McKinnon, is currently confined at the Cheshire Correctional Institution in Cheshire, Connecticut. He brings this civil rights action _pro se_ and _in forma pauperis_ pursuant to 28 U.S.C. § 1915. The plaintiff's amended complaint includes no facts, but rather refers the reader to exhibits attached to the amended complaint. The plaintiff states that the exhibits are evidence of exhaustion of administrative remedies. Thus, the plaintiff's motions for a copy of his complaint to enable him to file evidence of exhaustion of administrative remedies are denied as moot.

The exhibits attached to the amended complaint reveal that on April 8, 2002, the plaintiff went to the window in the medical department where medications are dispensed and informed Nurse Cuda that one of his pills was missing. Nurse Cuda allegedly told the plaintiff that he must have taken the pill out of the

medication cup. A correctional officer then ordered the plaintiff back to his cell. Ten minutes later, Nurse Cuda then found the pill in the plastic bag it had come in from the drug company. She had mistakenly thrown the bag containing the pill in the trash. The plaintiff alleges that he filed a grievance seeking an apology from Nurse Cuda. Health Services Administrator Dorsey responded to the plaintiff's grievance and informed him that she had met with Supervisor Dobson to discuss the plaintiff's concerns and Supervisor Dobson had met with Nurse Cuda. Supervisor Dobson recommended that Nurse Cuda request her presence to resolve any future conflicts.

Nurse Cuda issued the plaintiff a disciplinary ticket for insulting language in connection with the missing medication incident. After a hearing, a disciplinary hearing officer found the plaintiff guilty of the charge.

The plaintiff's amended complaint contains no request for relief. The plaintiff's complaint included a request for monetary damages. For the reasons that follow, the amended complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

I.   Standard of Review

The plaintiff has met the requirements of 28 U.S.C. § 1915(a) and has been granted leave to proceed in forma pauperis in this action. Pursuant to 28 U.S.C. § 1915(e)(2)(B), "the

court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915 (e)(2)(B)(i) - (iii). Thus, the dismissal of a complaint by a district court under any of the three enumerated sections in 28 U.S.C. § 1915(e)(2)(B) is mandatory rather than discretionary. See Cruz v. Gomez, 202 F.3d 593, 596 (2d Cir. 2000).

"When an in forma pauperis plaintiff raises a cognizable claim, his complaint may not be dismissed sua sponte for frivolousness under § 1915 (e)(2)(B)(i) even if the complaint fails to 'flesh out all the required details.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (quoting Benitez, 907 F.2d at 1295).

> An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam) (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). A claim is based on an "indisputably meritless legal theory" when either the claim lacks an arguable basis in law, Benitez v. Wolff, 907 F.2d 1293, 1295 (2d Cir. 1990) (per curiam), or a dispositive defense clearly exists on the face of the complaint. See Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995).

3

Livingston, 141 F.3d at 437. The court exercises caution in dismissing a case under § 1915(e) because a claim that the court perceives as likely to be unsuccessful is not necessarily frivolous. See Neitzke v. Williams, 490 U.S. 319, 329 (1989).

A district court must also dismiss a complaint if it fails to state a claim upon which relief may be granted. See 28 U.S.C. 19159e)(2)(B)(ii) ("court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal . . . (ii) fails to state a claim upon which relief may be granted"); Gomez, 202 F.3d at 596 ("Prison Litigation Reform Act . . . which redesignated § 1915(d) as § 1915(e) [] provided that dismissal for failure to state a claim is mandatory"). In reviewing the complaint, the court "accept[s] as true all factual allegations in the complaint" and draws inferences from these allegations in the light most favorable to the plaintiff. Gomez, 202 F.3d at 596 (citing King v. Simpson, 189 F.3d 284, 287 (2d. Cir. 1999)). Dismissal of the complaint under 28 U.S.C. 1915(e)(2)(B)(ii), is only appropriate if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id. at 597 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In addition, "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim," the court should permit "a pro se plaintiff who

4

is proceeding in forma pauperis" to file an amended complaint that states a claim upon which relief may be granted. Gomez v. USAA Federal Savings Bank, 171 F.3d 794, 796 (2d Cir. 1999).

A district court is also required to dismiss a complaint if the plaintiff seeks monetary damages from a defendant who is immune from suit. See 28 U.S.C. § 1915(e)(2)(B)(iii) ; Spencer v. Doe, 139 .3d 107, 111 (2d Cir. 1998) (affirming dismissal pursuant to § 1915(e)(2)(B)(iii) of official capacity claims in § 1983 action because "the Eleventh Amendment immunizes state officials sued for damages in their official capacity").

II. Discussion

In order to state a claim for relief under section 1983 of the Civil Rights Act, the plaintiff must satisfy a two-part test. First, the plaintiff must allege facts demonstrating that the defendant acted under color of state law. Second, he must allege facts demonstrating that he has been deprived of a constitutionally or federally protected right. Lugar v. Edmondson Oil Co., 457 U.S. 922, 930 (1982); Washington v. James, 782 F.2d 1134, 1138 (2d Cir. 1986). The court considers below the claims asserted against the defendants.

The plaintiff alleges that Nurse Cuda failed to dispense all of his medication when he initially went to the medication window on April 8, 2002. He claims that she later discovered the missing pill in the original plastic bag that the medication had

come in from the drug company. Nurse Cuda had mistakenly thrown the bag away with the pill in it. The pill was retrieved from the bag and offered to the plaintiff. To the extent that the plaintiff alleges that Nurse Cuda's actions constitute deliberate indifference to his medical needs, the claim fails.

The Eighth Amendment protects inmates from deliberate indifference by prison officials to their serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). To prevail on such a claim, the plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 106. A prisoner must show intent to either deny or unreasonably delay access to needed medical care or the wanton infliction of unnecessary pain by prison personnel. See id. at 104-05. Mere negligence will not support a section 1983 claim; the conduct complained of must "shock the conscience" or constitute a "barbarous act." McCloud v. Delaney, 677 F. Supp. 230, 232 (S.D.N.Y. 1988) (citing United States ex rel. Hyde v. McGinnis, 429 F.2d 864 (2d Cir. 1970)). A treating physician will be liable under the Eighth Amendment only if his conduct is "repugnant to the conscience of mankind." Tomarkin v. Ward, 534 F. Supp. 1224, 1230 (S.D.N.Y. 1982) (quoting Estelle, 429 U.S. at 105-06).

The civil rights statute was not meant to redress medical malpractice claims that can be adequately resolved under state

6

tort law. Tomarkin, 534 F. Supp. at 1230-31. Thus, a claim of misdiagnosis, faulty judgment, or malpractice without more to indicate deliberate indifference, is not cognizable under section 1983. See McCabe v. Nassau County Medical Center, 453 F.2d 698, 704 (2d Cir. 1971); Tomarkin v. Ward, 534 F. Supp. 1224, 1230 (S.D.N.Y. 1982). In addition, mere disagreement with prison officials about what constitutes appropriate medical care does not state a claim cognizable under the Eighth Amendment. See Hyde v. Mcinnis, 429 F.2d 864, 868 (2d Cir. 1970); Corby v. Conboy, 457 F.2d 251, 254 (2d Cir. 1972); Ross v. Kelly, 784 F. Supp. 35, 44 (W.D.N.Y.), aff'd, 970 F.2d 896 (2d Cir.), cert. denied, 506 U.S. 1040 (1992).

There are both subjective and objective components to the deliberate indifference standard. See Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994), cert. denied sub nom. Foote v. Hathaway, 513 U.S. 1154 (1995). The alleged deprivation must be "sufficiently serious" in objective terms. Wilson v. Seiter, 501 U.S. 294, 298 (1991). See also Nance v. Kelly, 912 F.2d 605, 607 (2d Cir. 1990) (Pratt, J., dissenting) ("'serious medical need' requirement contemplates a condition of urgency, one that may produce death, degeneration, or extreme pain"). The Second Circuit has identified several factors that are highly relevant to the inquiry into the seriousness of a medical condition: "'[t]he existence of an injury that a reasonable doctor or

7

patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" Chance v. Armstrong, 143 F.3d 698, 702 (2d. Cir. 1998) (citation omitted). In addition, where the denial of treatment causes plaintiff to suffer a permanent loss or life-long handicap, the medical need is considered serious. See Harrison v. Barkley, 219 F.3d 132, 136 (2d Cir. 2000).

In addition to demonstrating a serious medical need to satisfy the objective component of the deliberate indifference standard, an inmate also must present evidence that, subjectively, the charged prison official acted with "a sufficiently culpable state of mind." Hathaway, 37 F.3d at 66. "[A] prison official does not act in a deliberately indifferent manner unless that official 'knows and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

Here, the plaintiff alleges that he did not receive one of his medications when his medications were initially dispensed to him on April 8, 2002. He claims that ten minutes after he received his other medications, Nurse Cuda offered him the

8

missing medication. The plaintiff does not allege that he suffered any harmful effects as a result of the ten minute delay in receiving his medication on April 8, 2002. He does not claim that the deprivation of medication interfered with his daily activities or caused him any pain or discomfort. Thus, the court concludes that the plaintiff has failed to allege that he suffered from a serious medical condition as a result of the delay in receiving his medication on one occasion. In addition, the plaintiff has failed to allege that Nurse Cuda's actions rose to the level of deliberate indifference to medical needs. At most, the plaintiff alleges that she was negligent in leaving the pill in the bag. Negligence does not state a claim under the Eighth Amendment. Accordingly, the plaintiff's claim that Nurse Cuda was deliberately indifferent to his serious medical needs is dismissed for failure to state a claim. See 28 U.S.C. 1915(e)(2)(B)(ii).

The only facts alleged concerning Supervisor Dobson are that she met with Health Services Administrator Dorsey and the plaintiff to discuss the incident involving the misplaced medication. Supervisor Dobson then met with Nurse Cuda and requested that Nurse Cuda contact her if problems arise concerning medication in the future. The only facts concerning Health Supervisor Administrator Dorsey are that she addressed the plaintiff's concerns regarding the April 8, 2002 incident and

arranged a meeting between herself, the plaintiff and Supervisor Dobson to discuss the incident. The court fails to see how the actions of Supervisor Dobson and Health Services Administrator Dorsey violate any constitutionally or federally protected rights of the plaintiff. The claims against Health Supervisor Administrator Dorsey and Supervisor Dobson are dismissed as lacking an arguable legal basis. See 28 U.S.C. § 1915(e)(2)(B)(i); Neitzke, 490 U.S. at 325.

The plaintiff also alleges that Nurse Cuda issued him a disciplinary ticket for insulting language in connection with the incident involving the misplaced medication. The mere issuance of a disciplinary ticket does not rise to the level of a federal or constitutional violation. See Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986), cert. denied, 485 U.S. 982 (1988) (a false accusation, without more, does not violate an inmate's right to due process as long as the inmate has the opportunity to rebut the charge at a hearing); Newsom v. Norris, 888 F.2d 371, 377 (6th Cir. 1989) (filing of charges later proven to be false is not constitutional violation as long as inmate provided due process, unless charges were filed in retaliation for exercising a constitutional right); Hanrahan v. Lane, 747 F.2d 1137 (7th Cir. 1984) (allegation by inmate that he was falsely accused, without more, does not state civil rights claim).

Here, the plaintiff does not allege that he was deprived of

a disciplinary hearing at which he could challenge the validity of the disciplinary charge. He attaches the Disciplinary Process Summary Report which indicates a hearing was held on May 1, 2002 and the plaintiff was present at the hearing. Thus, any challenge to the disciplinary report on procedural due process grounds is dismissed. See 28 U.S.C. § 1915(e)(2)(B)(i).

III. Conclusion

The amended complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Any appeal in forma pauperis from this ruling would not be taken in good faith. The plaintiff's Motions for a Copy of the Complaint [docs. ## 7, 9, 10] and motion for transfer of case to Judge Hall [doc. # 11] are DENIED as moot.

SO ORDERED this ____ day of _____, 2003, in Bridgeport, Connecticut.

    _____
    Warren W. Eginton
    Senior United States District Judge