# United States District Court

## District of Connecticut

FILED
2003 DEC 16 P 5:09

James McKinnon    Case no 3:03CV72(WWE)
   100770
   Plaintiff

December 4, 2003

V.

Jone Cuda, Et,aL
Jone Dobson
Helen Dorsey
Defendants' Individual Capacity

First AmenDeD Compliant Plaintiff motion To "amend Complaint To add an ADA claim", also Federal Rule 28 C.F.R. § 35.190, also To Amendment the short concise statement of material facts Federal Rule 15(a)(b).

1. Plaintiff James McKinnon pro,se Request that under this short concise statement be amended To the material facts that was respectfully submitted with the forth going Amended Complint information;

By x _James Lee McKinnon_
James Lee McKinnon pro,se
Walker Reception
1151-East-Street South
Suffield CT, 06078

2. Disabled prisoners have greater rights under the Americans with disabilities Act of 1990 (ADA) please see; 42 U.S.C. § 12101 et seq

3. Which provides that as of January 1992 "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity. please see; 42 U.S.C. § 12132

4. These "public entity" provisions are often referred to as Title (2) of the ADA, There are also employment discrimination provisions, referred to as Title (1). please see; 42 U.S.C. § 12112.

5. Previously, this ban on discrimination against the disabled applied only to federally funded agencies under Section 504 of the Rehabilitation Act of 1973. please see; that statute provides, no otherwise qualified individual shall solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance or under any program or activity conducted by any Executive agency." 29 U.S.C. § 794. Congress has made it clear that any governmental department or agency receiving federal money is subject to the Rehabilitation Act in all its operations, even if the particular program in dispute does not receive such funds.

By: _James Lee McKinnon_
James Lee McKinnon pro-se
Walker Reception
1151, East Street South
Suffield CT, 06078

6. A "public entity" is defined in the ADA as including "any State or local government" or any department agency, special purpose district or other instrumentality of a State or States or local government please see; 42 U.S.C. § 12131 (1)(A, B)(emphasis supplied).

7. This definition clearly includes correction departments and other agencies that operat prisons and jails, please see; Clarkson v. Coughlin, 145 F.R.D. 339, 348 (S.D.N.Y. 1993)(permitting prisoners to amend complaint to add an ADA claim). The federal regulations issued under the ADA acknowledge this point by identifying the Department of Justice as the agency that is to implement compliance procedure concerning state and local correctional facilities. 28 C.F.R. § 35.190. There is no dispute that the Rehabilitation Act applies to prisons. Harris v. Thigpen, 941 F.2d 1495, 1521-22 (11th Cir. 1991) Bonner v. Lewis, 857 F.2d at 561-64 Casey v. Lewis, 773 F.Supp at 370-72.

8. The ADA requires the federal government to promulgate regulations implementing the statute, please see; The Equal Employment Opportunity Commission is responsible for regulations concerning employment 42 U.S.C. 12116, and the Attorney General is responsible for regulations concerning public services 42 U.S.C. § 12134 These regulations can be found respectively at 29 C.F.R. §§ 601-1602, 1610-14, 1630, 1641, and at 28 C.F.R. § 35.

Byy James Lee McKinim
Walker Reception
1151, East-Street-South
Suffied CT- 06078

9. These regulations spell out in more detail what public entities must do to comply with the statute. These obligations include conducting self-evaluations of their compliance and adopting a procedure for handling complaints. Please see: 28 C.F.R. §§ 35.105, 35.107

10. Plaintiff is not required to exhaust administrative remedies before suing under the "public entity" provisions of Title (2) of the Americans with Disabilities Act. Please see; Noland v. Wheatley, 835 F. Supp. 476, 482 (N.D. Ind. 1993), Finley v. Giacobbe, 827 F. Supp. 215, 219 n.3 (S.D.N.Y. 1993) Peterson v. University of Wisconsin Bd. of Regents, 818 F. Supp. 1276, 1279-80 W.D. Wis 1993). Regulations implementing the ADA provide that a complainant may file a private suit at any time. 28 C.F.R. § 35.172. In addition the ADA provides for enforcement by the same means available under Section 505 of the Rehabilitation Act. 42 U.S.C. § 12133. Section 505, which appears in 29 U.S.C. § 794(a)(2) refers in turn to provision of the Civil Right Act of 1964, 42 U.S.C. § 2000d et seq. Case law has made it clear that exhaustion is not required under the Rehabilitation Act. Smith v. Barton, 914 F.2d 1330 1338 (9th Cir. 1990) Pendleton v. Jefferson Local School Dist, 754 F. Supp. 570, 574-75 S.D. Ohio 1990).

By: /s/ James Lee McKinnon
James Lee McKinnon pro se
Walker Reception
1151 East Street South
Suffield CT, 06078

11. The relief available includes equitable relief (an injunction) and back pay; we believe that damages are available also. please see; Under the Rehabilitation Act, the courts disagreed whether damages were available. Compare Smith V. Burton, 914 F.2d at 1337-38 (holding damages are available) with Eastman V. Virginia polyTechic Institute 939 F.2d 204, 207-09 (4th Cir. 1991) (holding damages that if a federal statute creates a private cause of action damages are available. Franklin V. Gwinnett County public Schools, 503 U.S. __ 112 S.CT. 1028 1034-35 (1992). We believe that this holding should apply to the ADA. In addition the federal regulations, in providing that states are not entitled to immunity from suit for ADA violations, refers to remedies both at law and in equity " 28 C.F.R. § 35.178. Remedy at law "generally means damages.

12. The Eighth Amendment forbids exposure of prisoners to conditions that pose "an unreasonable risk of serious damages to their future health, please see; Helling V. McKinney _ U.S._113 S.CT. 2475, 2481 (1993). The court forbids.

13. This is a much more favorable standard than the reasonable relationship "Test of Turner V. Safley under which prison officials are entitled to avoid "ripple effects on fellow inmates or on prison staff," and prisoners must propose alternatives with "de minimis cost." see Turner V. Safley 482 U.S. 78, 89-91 107 S.CT 2254 (1987),

By: /s/ James Lee McKinnon
James Lee McKinnon prose
Walker Reception
1151-East-Street South
Suffield CT, 06078

Plaintiff also has a infectious diseases hepatitis "C" inflamation of the liver.

19. This category includes inmates infected with HIV (the AIDS virus); please see; Harris v. Thigpen, 941 F.2d at 1522-24, Casey v. Lewis, 773 F.Supp. at 1370-72. plaintiff also have (human immunodeficiency virus, cause AIDS.

20. Congress intended the ADA to cover such persons as well, please see; S. Rep. no. 116, 101st Cong, 2d Sess, pT 3, 28 (1990).

* 21. Denial of adequate care for serious mental health needs constitute deleberate infferenc. please see. Smith v. Jenkins, 919 F.2d 90, 92-93 (5th Cir. 1990) Langley v. Coughlin, 888 F.2d 252, 254 (2d Cir. 1989) Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir)

* 22. Many prison's mental health care cases focus on the lack of adequate and qualified staff, please see, Greason v. Kemp, 891 F.2d at 837-40 (prison clinic director, prison system mental health director, and prison Warden could be found deliberately indifferent based on their knowing toleration of a "clearly inadequate" mental health staff).

* 23. The failure train correctional staff to deal with mentally ill prisoners can also constitute deliberate indifference, please see; Langley v. Coughlin, 709 F.Supp at 483-85, Kendrick v. Bland, 541 F.Supp. 21, 25-26 (W.D. Ky. 1981.

By: *James Lee McKinnon*
James Lee McKinnon prose
Walker Reception
1151, East-Street South
Suffield, CT 06078

## Certificate

James McKinnon       Case.no 3:03 cv 72 (WWE)
   100 770
   Plaintiff
                        December 4, 2003
V.

Jone Cuda; ETaL

Plaintiff above respecfully certifces through this attachment that this clam to be true and to the best of my ability.

Deputy clerk miss, Mary Larsen
United States District Court
915 Lafayette Boulevard
Bridgeport, Connecticut, 06604

By: *James Lee McKinnon*
James Lee McKinnon prose
Walker Reception
1151 East Street South
Suffield, CT 06078