UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JAMES MCKINNON				PRISONER
	v.					CASE NO. 3:03CV72(WWE)

JANE CUDA, et al.

RULING ON PENDING MOTIONS

Pending before the court is the plaintiff's motion for reconsideration and motion to file an amended complaint.  On November 18, 2003, the court dismissed sua sponte the plaintiff's first amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  (See. doc. # 12.)  On November 26, the Clerk entered a final judgment dismissing and closing this case.  (See doc. # 13.)  The plaintiff asks the court to reconsider its ruling dismissing the amended complaint.  He provides no basis for his motion for reconsideration.  Accordingly, the motion for reconsideration is denied.

The plaintiff also seeks to file a second amended complaint.  Because the case remains closed, the request is denied.  See National Petrochemical Co. v. M/T Stolt Sheaf, 930 F.2d 240, 244 (2d Cir. 1991) ("'once judgment is entered the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b)'") (citation omitted); Woodard v. Hardenfelder, 845 F.Supp. 960, 969 (E.D.N.Y. 1994) ("court cannot entertain [a motion to amend] until the underlying Order has been set aside or vacated pursuant to Rule 59(e) or 60(b)") (citation omitted); Foster v. Does 1-5, et al., No. 84 Civ. 1337(CES), 1991 WL 150620, at *1 (S.D.N.Y. July 30, 1991) ("once a judgment is entered the filing of an amendment cannot be allowed until judgment is set aside or vacated") (citation

omitted).

## CONCLUSION

Therefore, the plaintiff's motion for reconsideration [doc. # 14] and motion to amend [doc. # 15] are DENIED.

SO ORDERED this <u>29th</u> day of January, 2004, at Bridgeport, Connecticut.

                                                  /s/
                                     Holly B. Fitzsimmons
                                     United States Magistrate Judge